## Stoops v. Stoops

*S. E. Troutman*, for libellant.

*Harry B. Crytzer*, for respondent.

RICE, P. J., December 23, 1943.—In this action of divorce, the husband libellant was granted a rule, in

pursuance of Pa. R. C. P. 2031 (*e*), on wife-respondent, being a minor, to show cause why a guardian should not be appointed for her, and it was ordered that the rule be served on her and her father. The rule having been served and no answer thereto having been filed, after the return day the court made the rule absolute and appointed Albert Britcher, her father, as her guardian ad litem. Before such appointment, wife-respondent, by her father as her natural guardian and next friend, made application to the court for a rule for counsel fees, which were, in due course, allowed and paid. The original subpœna was returned unexecuted by the sheriff on account of the rule for the appointment of a guardian. After the return day of the subpœna and after the appointment of the guardian, but before the appointment of the master, a member of the bar entered a general appearance for Albert Britcher as guardian ad litem and also for the minor respondent. A master was then appointed, and he has presented his report, recommending a decree of divorce, after holding a hearing and taking testimony, of which hearing he gave notice to the minor respondent but did not give notice to the guardian ad litem.

Thus, we have two conditions that may affect the regularity of the proceedings, that is: (1) No subpœna was served on either minor respondent or her guardian ad litem, but a general appearance was entered for both before a master was appointed; (2) notice of the hearing before the master was not given to the guardian ad litem.

Section 27 of The Divorce Law of May 2, 1929, P. L. 1237, provides:

"Upon due proof, at the return of said subpœna, that the same shall have been served personally upon the respondent, or, in the case of a minor, upon such minor and upon his or her guardian within the Commonwealth, and that a copy had been given to him or

her on or before the return day of the same, the said court shall and may make such preparatory rules and orders in the cause that the same may be brought to a hearing and determined, at which hearing the court may determine the same ex parte, if necessary."

Section 31 of the same law, as amended by the Act of July 10, 1935, P. L. 644, provides:

"The respondent may, in any case brought under the provisions of this act, cause an appearance to be entered, and file an answer to the petition or libel, and the entry of a general appearance shall be equivalent to personal service of the subpœna and libel.

"The entry of a general appearance by, or in behalf of, a respondent shall not be deemed collusion."

These two sections should be construed together so as to provide that jurisdiction over the person of a respondent in a divorce action may be acquired either by personal service of the subpœna upon him or by his entering a general appearance. Prior to this statute it had generally been held that the court could not acquire jurisdiction over the respondent by his entering an appearance, which savored of collusion, an element that would vitiate the whole proceeding. But the Act of 1929 was evidently intended to bring divorce actions into the class of civil actions in which defendant could subject himself to the jurisdiction of the court by entering an appearance and without the service of process upon him. It may, therefore, be accepted as law that an adult respondent in a divorce action may be subjected to the jurisdiction of the court by his entering an appearance and without the service of a subpœna upon him, but some cases cast a doubt upon the jurisdiction of the court where a minor respondent and his guardian ad litem enter a general appearance without the service of a subpœna upon them. In Thomas, etc., v. Thomas, 46 D. & C. 319, a subpœna in divorce was issued, but not served, and, after the

return day, upon a rule, which was served but to which no answer was filed, a guardian ad litem for the respondent, a minor, was appointed, and thereafter the guardian entered an appearance and acknowledged receipt of a copy of the subpœna and libel, and Judge Reese, of Cumberland County, referring to Linville v. Linville, 27 Del. Co. 388, Fritz v. Fritz, 27 Del. Co. 598, and Pa. R. C. P. 2029 (*a*), said (p. 320) :

"In the present case there was no valid service nor the equivalent thereof upon the guardian of respondent. It appears that the guardian accepted service of the subpœna a month after the return day thereof. In 15 Standard Pa. Practice, p. 149, it is indicated that a subpœna in divorce must be served before the return day, i. e., up to and including the return day. Hence, service after the return day is invalid. This is entirely analogous to the rule that service of a summons made after the return day named in the writ is invalid: 1 Standard Pa. Practice, p. 471.

"It follows, therefore, that we cannot enter a decree in divorce."

Because a writ loses its vitality if not served on or before the return day, it does not follow that an appearance entered after the return day is void; generally a civil action may be brought and jurisdiction over the defendant acquired by the filing of a præcipe and an appearance by the defendant without the issuance of a writ. Even in criminal cases other than capital cases the defendants may subject themselves to the jurisdiction of criminal courts by giving bail for their appearance at court without the issuing of warrants for their arrest. However, when it comes to deciding the efficacy of the appearance of a minor defendant or his guardian ad litem, we must keep in mind Pa. R. C. P. 2029 (*a*), which provides:

"Where a minor is a defendant, the original process in the action shall be served upon him in the manner

prescribed for the service of like process upon an adult defendant."

This rule must prevail over any inconsistent provision of The Divorce Law of 1929 because the rule was promulgated after the said Act of 1929 was approved. This rule makes no reference to appearances and must be held to exclude the idea that a minor defendant or his guardian ad litem may enter an appearance and become subject to the jurisdiction of the court without service of process upon them. It may be that the appearance of a guardian ad litem renders unnecessary the service of process upon him, but it is clear to our mind that process must, according to the said Rule of Civil Procedure, be served on a minor defendant.

The rules of this court require the master to send to the respondent, before he proceeds to take testimony, a written notice of the time and place fixed to take testimony by registered letter addressed to the respondent at his last known mailing address. The master sent such notice to minor respondent but did not send notice to the guardian ad litem. It is the duty of a guardian ad litem for a minor defendant to make a defense to the action if the minor has a defense, but if the guardian has no official notice of his appointment and of the time and place of taking testimony what beneficial result has been accomplished by appointing him? If he has no notice of the hearing, the testimony can be taken and a decree of divorce entered without his knowledge, even if he intended to make a defense. Cross-examination of the witnesses in a divorce action very often brings out the fact that the libellant is not the innocent and injured spouse or that the libellant himself is guilty of the wrongs he charges against the respondent, and a guardian does something to be commended if he does nothing more than appear before the master and cross-examine the libellant's witnesses. A guardian ad litem really becomes a party respond-

ent to the case and is entitled to notice whenever notice is required to be given to his ward, and any rule of court requiring notice of a hearing in a divorce case to be given to the respondent must be construed to require, by necessary implication, the giving of similar notice to the guardian ad litem of a minor respondent. In Palmer v. Palmer, 5 D. & C. 336, and Shouey v. Shouey, 16 D. & C. 693, it was held that a master must give notice of the hearing to a guardian ad litem. Hence, we must hold that the proceedings before the master were irregular.

In this case respondent, by her father and next friend, applied for, and obtained, counsel fees in order to make a defense, but no counsel appeared for respondent before the master. Was it because the counsel had no knowledge of the hearing before the master, or because respondent and her father changed their plans about putting in a defense, or because they had no bona fide intention in the first place to make a defense? The court cannot compel respondent or her counsel to appear before the master and defend the action, but the court can require that any counsel fee allowed be deposited with the prothonotary, subject to the order of the court as to whether it should be paid over to respondent's counsel or refunded to libellant. If a defense is not made as set forth in the petition for counsel fees, the fee or part of it should be refunded to libellant.

In this case, upon reading the testimony, we are of the opinion that libellant has a meritorious case and will not dismiss the proceeding, but will give libellant a chance to proceed with the case after having an alias subpœna served on both minor respondent and her guardian ad litem. Since a master should not be appointed until the subpœna is returned properly served, the proceedings before the master will have to be set aside and his appointment revoked. A master

will have to be appointed again, and he will have to give notice of the hearing to both respondent and her guardian.

### *Order*

• And, now, December 23, 1943, the report of the master and all proceedings had before him are set aside and the appointment of the master made October 30, 1943, is revoked, and libellant is given leave to proceed de novo upon the libel by having an alias subpœna issued and served on respondent and her guardian ad litem.